## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **EDSON GARDNER and LYNDA KOZLOWICZ-GARDNER, Unlawfully Banished Indians of the Uintah and Ouray Reservation,**<br><br>      **Petitioners,**<br><br>**v.**<br><br>**LUKE DUNCAN, Whiteriver Chairman of the Ute Tribe, in His Official Capacities as Purported Member of Ute Tribal Business Committee Member,**<br><br>      **Respondent.** | **REPORT AND RECOMMENDATION**<br><br><br><br>**Case No. 2:20-rf-00809**<br><br><br><br>**Chief District Judge Robert J. Shelby**<br><br>**Magistrate Judge Jared C. Bennett** |

   Before the undersigned are Petitioner Edson Gardner's ("Mr. Gardner") Petition for Writ of Habeas Corpus[1] and Amended Petition for Writ of Habeas Corpus.[2] Based upon the analysis set forth below, the undersigned concludes that this court lacks jurisdiction over Mr. Gardner's habeas corpus petitions and, therefore, recommends that his petitions not be filed in this court.

### BACKGROUND

   On March 23, 2015, District Judge David Nuffer placed Mr. Gardner on this court's Restricted Filer List and imposed the following restrictions upon Mr. Gardner for any future pleadings he attempts to file in this court:

---

[1] ECF No. 1.

[2] ECF No. 2.

1.    The Clerk of the Court will collect any new civil complaint filed by Mr. Gardner in this Court and forward it to a magistrate judge for review.

2.    The magistrate judge will then review the complaint to determine whether it has merit and should be filed, or whether it lacks merit, duplicates prior filings, or is frivolous.

3.    If the magistrate judge determines the complaint lacks merit, duplicates prior filings, or is frivolous, the magistrate judge will forward the complaint to the Chief District Judge for further review.

4.    If on review the Chief District Judge determines the complaint has merit, the complaint will be filed.[3]

Under those restrictions, the Clerk of the Court forwarded Mr. Gardner's Petition for Writ of Habeas Corpus and Amended Petition for Writ of Habeas Corpus to the undersigned for review.

Mr. Gardner seeks to file a petition for habeas corpus relief pursuant to 25 U.S.C. § 1303 to challenge the Ute Tribe Business Committee's order permanently banishing him from the Uintah and Ouray Reservation. Specifically, Mr. Gardner asserts that the permanent banishment order is an unlawful restraint of liberty.

## ANALYSIS

This court lacks jurisdiction over Mr. Gardner's habeas corpus petitions under 25 U.S.C. § 1303. Habeas corpus relief is available in federal court under 25 U.S.C. § 1303 to test the legality of a person's detention by order of an Indian tribe.[4] "The Tenth Circuit has held that [25 U.S.C. § 1303]'s 'detention' language is analogous to the 'in custody' requirement in 28 U.S.C.

---

[3] *Gardner v. Uintah Cnty. Clerk-Auditor Michael Wilkins*, No. 2:15-mc-00047-DN, ECF No. 2 at 2-3.

[4] 25 U.S.C. § 1303; *White v. Pueblo of San Juan*, 728 F.2d 1307, 1311 (10th Cir. 1984).

§ 2241."[5] Thus, a petitioner "must show that [he is] being restrained or face[s] a severe threat of future restraint."[6] Without that showing, a federal court lacks jurisdiction over a habeas corpus petition under 25 U.S.C. § 1303.[7]

Mr. Gardner fails to show that he is "in custody or under a threat of custody, and thus [is] not 'detained.'"[8] Therefore, this court does not have jurisdiction over Mr. Gardner's habeas corpus petitions under 25 U.S.C. § 1303.[9] Accordingly, Mr. Gardner's petitions should not be filed in this court.[10]

---

[5] *Gardner v. Uintah Cnty.*, No. 2:10-CV-1140-SA, 2011 WL 5834250, at *1 (D. Utah Nov. 18, 2011) (citing *Walton v. Tesuque Pueblo*, 443 F.3d 1274, 1279 & n.1 (10th Cir. 2006); *Dry v. CFR Ct. of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1208 n.1 (10th Cir. 1999)).

[6] *Id.*

[7] *Id.*

[8] *Id.* at *2.

[9] *Id.* at *1-2.

[10] The inclusion of Lynda Kozlowicz-Gardner ("Ms. Kozlowicz-Gardner") as a petitioner in this case does not alter the undersigned's recommendation because Ms. Kozlowicz-Gardner lacks standing to challenge a banishment order that does not apply to her. Indeed, for the court to have jurisdiction over a claim by Ms. Kozlowicz-Gardner, she would have to establish standing under Article III of the United States Constitution. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016). To do so, she must show, among other things, that she has "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (quotations and citation omitted). To be "particularized," Ms. Kozlowicz-Gardner must show that the injury affects her "in a personal and individual way." *Id.* (quotations and citations omitted). Mr. Gardner's banishment applies only to Mr. Gardner and, therefore, does not harm Ms. Kozlowicz-Gardner in any personal way that would create an injury to her. Moreover, even if the court were to look to the merits of a habeas corpus claim filed on her behalf, the court would be without jurisdiction because she cannot plead a deprivation of liberty at all as to herself.

**RECOMMENDATION**

Based upon the foregoing analysis, the undersigned HEREBY RECOMMENDS that Mr. Gardner's Petition for Writ of Habeas Corpus[11] and Amended Petition for Writ of Habeas Corpus[12] not be filed in this court.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[13] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[14] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17th day of October 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[11] ECF No. 1.

[12] ECF No. 2.

[13] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[14] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).