FILED
2024 JAN 22 AM 10:24
CLERK
U.S. DISTRICT COURT

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| EDSON GARDNER and LYNDA KOZLOWICZ-GARDNER, Unlawfully Banished Indians of the Uintah and Ouray Reservation,<br><br>                    Petitioners,<br><br>v.<br><br>LUKE DUNCAN, Whiteriver Chairman of the Ute Tribe, in his Official Capacities as purported Member of Ute Tribal Business Committee Member,<br><br>                    Respondent. | ORDER ADOPTING RECOMMENDATION IN PART<br><br>Case No. 2:20-rf-00809<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

The Report and Recommendation issued by United States Magistrate Judge Bennett on October 17, 2023, recommends that the putative Petition for Writ of Habeas Corpus (Petition) and Amended Petition for Writ of Habeas Corpus (Amended Petition) not be filed in this court.[1] After Magistrate Judge Bennett filed his Report and Recommendation, Petitioners Edson Gardner and Lynda Kozlowicz-Gardner filed an Objection. [2]

This matter presents a unique situation in that Mr. Gardner, since 2015, has had filing restrictions levied against him. *See In re: Edson Gardner*, Case no. 2:15-mc-47 DN, Order ECF

---

[1] ECF 3.

[2] ECF 4.

No. 2.  Under these restrictions, any future pleadings Mr. Gardner files are considered as follows:

> (1) new complaints sent to the court for filing will be collected by the Clerk of Court and sent to a Magistrate Judge for review; (2) the Magistrate Judge will review the complaint to determine whether it is meritorious, duplicative or frivolous; (3) if the Magistrate Judge determines that the complaint is without merit, duplicative or frivolous, the Magistrate Judge will forward the complaint to the Chief Judge for further review; and (4) only with the consent of the Chief Judge will the complaint be filed.

*Id.* at p. 1. However, Ms. Lynda Kozlowicz-Gardner does not arrive before this court with similar filing restrictions. In its Discussion section below, the court untethers the parties to determine if the Amended Petition should proceed.

## I.      BACKGROUND

### A.  Initial Petition

Mr. Gardner and Ms. Kozlowicz-Gardner filed an initial Petition for Writ of Habeas Corpus on November 17, 2020, pursuant to the Indian Civil Rights Act of 1968 (ICRA), 25 U.S.C. §§ 1301-03. (ECF 1.) Alleging that Mr. Gardner is a Uinta Indian and that Ms. Kozlowicz-Gardner is an Uncompahgre Indian (*id.* at 1), they sought to assert five causes of action against Ute Tribal Business Committee Member Luke Duncan relating to his purported orders banishing them from the Uintah and Ouray Indian Reservation and Ute Tribe without due process or equal protection afforded by the Indian Civil Rights Action (ICRA). (*Id.* at 1-2.)  They alleged Mr. Gardner was permanently banished (*id.* at 7 ¶ 10 and ECF 1-1), Ms. Kozlowicz-Gardner was banished for five years (ECF 1 at 8 ¶ 11), that their banishments amount to severe restraints on their personal liberty (*id.* at 3 ¶ 2) and that there is no process to review the decisions. (*Id.* at 5 ¶ 6.)

2

**B.  Amended Petition**

Without any determination from the court as to the viability of the Petition, Mr. Gardner and Ms. Kozlowicz-Gardner filed an Amended Petition on May 20, 2021, again under ICRA § 1303, thus superseding the initial Petition. (ECF 2.) The putative Amended Petition is difficult to decipher. Read closely and liberally construed, the undersigned gleans that Mr. Gardner and Ms. Kozlowicz-Gardner assert they are Uinta and Uncompahgre Indians (*id.* at 2 ¶ 2) who have been banished, and that the Ute Business Committee has tried to persuade the Ute Tribal Court to prevent them from filing documents to challenge their disenrollment or banishment. (*Id.*) Then, according to Petitioners, "…the Ute tribal court of Appeals issued a written decision wherein it concluded that the Ute Tribal Court did not have jurisdiction over Petitioners because they were not Indians…, nor are they enrolled in a federally recognized Indian Tribe." (ECF 2 at 5-6 ¶ 11.)

Petitioners' lone claim for relief in the Amended Petition is for a declaration from this court "that the Ute [T]ribal [C]ourt has jurisdiction over [them] and all other Indian individuals who satisfy the definition of Indian under [ICRA]." (ECF 2, pg. 6, para. 14-15, pg. 7, para. 1-2.) Notably, however, the Tenth Circuit found long ago and has repeatedly noted that Gardner is not a member of a federally recognized Tribe:

> Edson G. Gardner is no stranger to the federal courts. Over the last several decades, Gardner has filed numerous suits challenging the authority of Utah's state and local governments over both him and his property based on the theory that he is an Indian and therefore entitled to the protections and benefits afforded to members of Indian tribes under federal law. He has pursued these suits despite the fact that nearly thirty years ago, this court held that Gardner is not a member of an Indian tribe.

*Gardner v. Long,* 2022 WL 1494425, at *1 (10th Cir. May 12, 2022) (citing *Gardner v. United States*, No. 93-4102, 1994 WL 170780, at *2-5 (10th Cir. May 5, 1994)).

> Litigation regarding Gardner's Indian status is a road well-traveled. He does not claim to be a member of a federally recognized tribe. Rather, he claims only to be a descendant of a former member, as are many other Americans. Despite his best efforts in federal, state, and tribal court, this heritage does not entitle him to Indian status whether or not he lives and works on the reservation.

*Gardner v. Wilkins,* 535 Fed.Appx. 767 at 767-68 (10th Cir. 2013) (citing *Gardner v. United States,* 25 F.3d 1056 (10th Cir.1994) (unpublished); *State v. Gardner,* 827 P.2d 980 (Utah Ct.App.1992); *Gardner v. Ute Tribal Court,* 36 Fed.Appx. 927 (10th Cir.2002) (unpublished)).

## C.  The Report and Recommendation

The Magistrate Judge recommended neither the Petition nor Amended Petition should be filed with the court. Noting the review required for Mr. Gardner as a restricted filer, the Magistrate Judge concluded the court lacks jurisdiction under 25 U.S.C. § 1303 to consider a request for habeas corpus relief challenging Mr. Gardner's banishment order because Mr. Gardner has not shown he is in custody or under threat of custody, and is therefore not detained for purposes of habeas relief under ICRA. (ECF 3 at 3 (citing *Gardner v. Uintah County*, 2011 WL 5834250, at *1 (D.Utah Nov. 18. 2011) (other citations omitted)). Concerning Ms. Kozlowicz-Gardner, the Magistrate Judge interpreted her habeas claim as one challenging Mr. Gardner's banishment, and concluded she lacked standing to vindicate his banishment or had otherwise not stated an injury of her own. (ECF 3 at 3 n.10.) The Magistrate Judge advised the Petitioners of their right to object to the Report and Recommendation, warning objections must be filed within fourteen days, and that failure to object "may constitute waiver of objections upon subsequent review."  (*Id.* at 4.)

**D. Petitioner's Objection**

Petitioners promptly filed a "Response to Report and Recommendation for Habeas Corpus on Ute Tribal Banishment." (ECF 4.) The court construes this filing as a timely-filed Objection. In it, Petitioners make two arguments: 1) the restrictions on Mr. Gardner's filings violate his due process and equal protection rights because they deny him meaningful access to the court (*id.* at 2-3, *I. Mr. Gardner as Restricted Filer*), and 2) Ms. Kozlowicz-Gardner enjoys standing. (*Id.* at 3-14, *II. Ms. Kozlowicz-Gardner Has Standing*.) The portion concerning Ms. Kozlowicz-Gardner recites violations before the tribal court she claims give her standing:

1) She was sentenced by a judge lacking "sufficient legal training to preside over criminal proceedings" (*id.* at 4, 8),

2) Her "sentence" violates 25 U.S.C. [§] 1303(c)(1) and (2) because she "was not represented by counsel when it was imposed" and denied effective assistance of counsel (*id.* at 4, 9-13), and

3) She was denied "equal protection and due process as guaranteed by 25 U.S.C. [§] 1302(a)" based on the foregoing and because she was denied the right to appeal to the Ute Tribal Court (*id.* at 4, 14).

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 72, a party may serve and file "specific written objections" to a magistrate judge's proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). In turn, the district judge must then "determine de novo any part of the . . . disposition that has been properly objected to," and may "accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* at (b)(3).

Under the Tenth Circuit's "firm waiver" rule, unless there a timely and specific objection, appellate review of both factual and legal questions has been waived. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Although the court may choose not to apply the firm waiver rule "when the interests of justice so dictate," there is no discernable reason in the record for such a course. *Moore*, 950 F.2d at 659 (citations omitted) (joining other courts to conclude the firm waiver rule need not apply to pro se litigants who were not advised of the consequences of any failure to object). As noted above, the Magistrate Judge advised the Petitioners of the consequences of any failure to object. And both parties are no stranger to litigation in this court. Thus, the court evaluates the two arguments in Petitioners' Response/Objection to the Magistrate Judge's Report and Recommendation under these standards.

### A. Mr. Gardner

Mr. Gardner's only specific objection to the Report and Recommendation as to him is that "the court's restricted filer list violates [the] due process clause as imposed upon Mr. Gardner" and "equal protections to federal laws." (ECF 4 at 2.) While he correctly cites established case law explaining that restrictions on filing "cannot be so burdensome, however, as to deny a litigant meaningful access to the courts" (*id.* (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (other citations omitted)), the court overrules his objection asserted under this authority. Mr. Gardner has not been denied access to the courts. He has a lengthy history in this district, including cases that have been permitted to go forward even after he was restricted

6

in 2015. *See, e.g., Jenkins v. Reynolds*, 2:16-cv-01008; *Gardner v. Long,* 2:18-cv-00509. Thus, as this is the only objection as to Mr. Gardner, the undersigned adopts the Recommendation that the Amended Petition not be accepted for filing.

Moreover, even if the undersigned reviewed the Recommendation under a de novo review, it would still find the putative Amended Petition should not be accepted. Here, the undersigned first notes that it considers only the viability of the Amended Petition the Petitioners chose to file, as an amended petition or complaint "supersedes the original complaint and renders it of no legal effect," *Gilles v. United States,* 906 F.2d 1386, 1389 (10th Cir.1990). *See also Miller v. Glanz*, 948 F.2d 1562, 1656 (10th Cir. 1991) (providing that an amended complaint renders the original complaint a nullity).

Petitioners nominally file the Amended Petition under 25 U.S.C. § 1303 of ICRA. (ECF 2 at 1.) ICRA authorizes habeas petitions by "any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." It is well-established that a habeas petitioner under ICRA establishes federal jurisdiction by showing: 1) they are "in custody" and 2) have exhausted tribal remedies. *Chegup et al. v. Ute Indian Tribe Indian Tribe of the Uintah and Ouray Reservation, et al.*, 28 F.4th 1051, 1060 (10th Cir. 2022) (citations omitted) (reversing dismissal based on failure to show custody or detention where trial courts should first review exhaustion; remanding for review of exhaustion issue). The Tenth Circuit has not determined whether banishment in its various forms (permanent or temporary, applied to Indians or non-Indians such as Mr. Gardner) constitutes ICRA-qualifying detention or custody. *Id.* at 1066-67 (citations omitted). But in *Chegup*, a split decision, it recently expressed that district courts should analyze exhaustion before considering the "in custody" or detention prong.

But within the Amended Petition, Petitioners allege the district court has jurisdiction pursuant to "28 U.S.C [§] 331 [presumably § 1331] and 28 U.S.C. [§] 2201." (ECF 2 at 2 ¶ 3.) And the only relief sought in the Amended Petition is a "declaration that the Ute tribal court has jurisdiction" over the cases because, according to Petitioners, they are Indian. (*Id.* at 6-7.) Reviewing the Amended Petition in view of the restrictions on Mr. Gardner's proposed filings, and the Objection Mr. Gardner lodges, the undersigned agrees the Amended Petition should not be received at to Mr. Gardner, as it is not meritorious and appears frivolous.

First, Mr. Gardner does not provide a statutory or other legal basis for his request. If he meant to rely on the Declaratory Judgment Act that is cited in the statement of jurisdiction, 28 U.S.C. § 2201, such reliance is misplaced. This Act "does not extend the jurisdiction of federal courts; it only enlarges the range of remedies available. Power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (internal quotation marks and citation omitted). Because Mr. Gardner has not identified a proper basis for jurisdiction, the court cannot enter a declaratory judgment. And if he means to assert jurisdiction under ICRA, he has not clearly alleged either prong of the aforementioned test. Finally, as the Tenth Circuit has noted, ICRA's lone remedial provision in § 1303 is the writ of habeas corpus to test the legality of a tribe's detention, and the Supreme Court has rejected the notion that ICRA authorizes actions for declaratory and injunctive relief against tribes or their officers in federal court. *Chegup*, 28 F.4th at 1063 (citing *Santa Clara Pueblo v. Martinez,* 436 U.S. 49 at 60, 98 (1978).

Moreover, on its face, Mr. Gardner's request for relief in the Amended Petition appears factually without merit. He seeks relief on the express basis that he in an Indian. As noted above, it has long been established in the courts of this circuit that Mr. Gardner is not a member of an Indian tribe. *Gardner v. Long*, WL 1494425, at *1 (10th Cir. May 12, 2022) (noting that "nearly thirty years ago, this court held that Gardner is not a member of an Indian tribe.") (citations omitted). Accordingly, the undersigned adopts the Magistrate Judge's recommendation related to Mr. Gardner in that the Amended Petition should not be filed in this court.

The court however, will permit Mr. Garder to attempt one more time to amend his Petition to assert a cognizable, non-frivolous claim for habeas relief under ICRA, if he chooses. Any such amended petition should be lodged on the docket in this matter within thirty (30) days.

### B.  Ms. Kozlowicz-Gardner

For the following reasons, the undersigned cannot conclude that Ms. Kolowicz-Gardner is preemptively barred from filing the Amended Petition, even if legally infirm for the foregoing reasons, and therefore declines to adopt the Magistrate Judge's Recommendation as to her.[3] Most critically, she is not classified as a restricted filer. Unless and until the court places restrictions on her ability to file cases from the outset, she may choose to file what she wishes—though she (and Mr. Gardner) must comply with the Federal Rules of Civil Procedure, including Rule 11. But based on the unique circumstances of this putative action, additional comments are warranted.

Over a year and a half before Ms. Kozlowicz-Gardner filed the initial Petition in this matter and over two years before filing the Amended Petition, she and other plaintiffs

---

[3] The undesigned also notes that it appears that at least in the initial Petition and possibly in the much less-clear Amended Petition, Ms. Kozlowicz-Gardner did allege that she (and not just Mr. Gardner) had been banished.

unassociated with this matter filed a separate action, *Chegup, et al v. Ute Indian Tribe of the Uintah and Ouray Reservation, et al*, case no. 2:19-cv-00286.[4] In that case, Ms. Kozlowicz-Gardner challenged her banishment from the Ute Indian Tribe and Ouray Reservation by filing a Civil Rights Complaint under ICRA, suing the lone putative Defendant here, Ute Business Committee Member Luke Duncan, as well as other members and officers of the Ute Business Committee, the Ute Business Committee as an entity, and the Ute Tribe of the Uintah and Ouray Reservation. (*Id.* at ECF 2, *Complaint*.) She alleged in that case that she was banished for a period of five years by the Defendants on November 27, 2018. (*Id.* at 4 ¶ 13, 10-11 ¶ 38). She further alleged that she was not "afforded an opportunity to contest the allegations or challenge the banishment resolution," that there was inadequate notice of the banishment proceedings, and her counsel was not permitted to appear by telephone at the banishment hearing. (*Id.* at 4 ¶ 13, 9 ¶ 35.) She asserted two claims: 1) Unlawful Restraint on Personal Liberty in Violation of the Due Process Clause of [ICRA], and 2) Unlawful Restraint on Personal Liberty in Violation of the Right to be Informed of Charges and Confront Witnesses Provision of [ICRA]. (*Id.* at 13-14 ¶¶ 53-65.)

In *Chegup*, the district court dismissed that action for lack of subject matter jurisdiction concluding that a temporary banishment does not constitute a detention for purposes of ICRA. Ms. Kozlowicz-Gardner appealed the decision. The Tenth Circuit reversed and remanded, instructing the district court to first determine whether Ms. Kozlowicz-Gardner had exhausted tribal remedies before seeking recourse in federal court. *See Chegup et al. v. Ute Indian Tribe Indian Tribe of the Uintah and Ouray Reservation, et al.*, 28 F.4th 1051, 1060 (10th Cir. 2022).

---

[4] Filed March 29, 2019.

On remand, the district court recently found Ms. Kozlowicz-Gardner may have "tribal remedies available to [her]" that she failed to exhaust before "knocking at the federal court's door." (Case no. 2:19-cv-00286, ECF No. 134.) Ms. Kozlowicz-Gardner did not appeal that ruling.

Based on the foregoing, the undersigned observes that yet another petition from Ms. Kozlowicz-Gardner challenging the same banishment, suing one of the same defendants, raises serious concerns. First, she had, long before filing the putative Petition and Amended Petition in this action, already filed a suit under ICRA in this district and against Luke Duncan challenging her banishment and the due process of the notice, hearing, and other procedures surrounding it. A second, duplicative challenge was thus subject to possible dismissal from the very start for that reason alone. Second, that case has been fully litigated, with counsel representing Ms. Kozlowicz-Gardner, through an initial dismissal, appeal to the Tenth Circuit, and then back to this district where the case was dismissed for a second time. And she has not appealed the second dismissal of that action, based on lack of tribal exhaustion.

Further, entirely setting aside the impact of the *Chegup* case, the Amended Petition as to Ms. Kozlowicz-Gardner appears legally infirm for nearly all the reasons discussed in reviewing Mr. Gardner's Objection. But there is more. It appears the five year banishment term litigated in *Chegup* may have expired in November 2023, likely mooting any claims arising from it.

Nonetheless, because she is not currently classified as a restricted filer, the undersigned will give Ms. Kozlowicz-Gardner thirty days to inform it via a filing if she: 1) wishes to proceed with the currently-filed Amended Petition, despite the issues identified above; 2) be part of a proposed amended petition Mr. Gardner may choose to file; or 3) wishes this matter to be closed as to her.

11

## ORDER

For the foregoing reasons, the court herby orders:

1.  The undersigned adopts the portion of the Magistrate Judge's recommendation that the Amended Petition not be received as to Mr. Gardner based on a restricted filer review, but the same recommendation as to Ms. Kozlowicz-Gardner is not adopted, as she is not currently under the same restrictions requiring pre-filing review;

2.  Mr. Gardner may file within thirty days an amended petition which will be subject to the requisite restricted filer review;

3.  Ms. Kozlowicz-Gardner shall within thirty days to inform the court via a filing if she: 1) wishes to proceed with the currently-filed Amended Petition, despite the issues identified above; 2) be part of a proposed amended petition Mr. Gardner may choose to file; or 3) wishes this matter to be closed as to her. If Ms. Kozlowicz-Gardner does not file her notice within thirty days, her claim will be dismissed without prejudice.

The court reminds both Petitioners that under Rule 11, by presenting any filing to the court, even as unrepresented parties, they are certifying "to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances::"

> (1) it is not being presented for any improper purpose, such as to harass . . . or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

FED. R. CIV. P. 11(b).

DATED 22nd day of January, 2024.

BY THE COURT:

ROBERT J. SHELBY
Chief United States District Judge